UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JAMES EDWARD BRADFORD          CIVIL ACTION NO. 06-2263

VERSUS                                          **REFERRED TO:**

U.S. COMMISSIONER SOCIAL       **MAGISTRATE JUDGE HORNSBY**
SECURITY ADMINISTRATION

**MEMORANDUM RULING**

James Bradford ("Plaintiff") applied for disability benefits based on serious back pain and other health problems.  ALJ W. Thomas Bundy conducted a hearing and assessed Plaintiff's claim under the five-step sequential analysis.  He found that Plaintiff had the residual functional capacity ("RFC") to perform the demands of sedentary work.  He then relied on the Medical Vocational Guidelines, which indicated that a person with that RFC and Plaintiff's other vocational factors could perform work that is available in the economy.

The Appeals Council denied a request for review.  Plaintiff filed this civil action seeking judicial review pursuant to 42 U.S.C. § 405(g).  Both parties filed written consent to have a magistrate judge decide the case and, pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment.  For the reasons that follow, the Commissioner's decision to deny benefits will be affirmed.

Plaintiff testified that he hurt his back in November 2003 and has not worked since. He receives medical treatment at LSUHSC every three months related to his diabetes, but he

does not receive any ongoing treatment for his back. Despite the lack of treatment, Plaintiff testified that his back caused him a great deal of difficulty. He said that sitting, even for five minutes, is painful. He spends his time changing positions, with about half of the day spent lying down. Tr. 175-84.

The ALJ found that Plaintiff was "reasonably credible" in the description of his limitations and pain, but the ALJ afforded "significant weight" to the findings in a consultative examination report by Dr. Mohammad Burney. Dr. Burney examined Plaintiff and wrote that, among the results, were "a negative straight leg raise bilaterally." There was no evidence of muscular atrophy, and views of the spine revealed well maintained disc space, although there was evidence of a previous surgery. Dr. Burney's impression was "lumbar degenerative disease and mild greater trochanter bursitis." With respect to work-related functions, Dr. Burney wrote: "No restrictions on sitting. Moderate restriction on standing, walking, as well as moderate restriction on lifting. No restrictions on upper extremity fine or gross motor function." Tr. 128-30.

The ALJ, noting Dr. Burney's report, the lack of continuing care, and other evidence, determined that Plaintiff could perform the demands of sedentary work. Plaintiff's sole argument on appeal is that Dr. Burney's report is not substantial evidence. He first argues that Dr. Burney incorrectly recorded that the straight-leg raise test had a "negative" result because notes show that Plaintiff indicated discomfort at 60 degrees on the left and 60 or 65 degrees on the right. Plaintiff argues that medical literature suggests 80 to 85 degrees is

generally considered normal. The court is hesitant to second guess a physician's interpretation of a physical exam, and it need not issue a declaration regarding the proper method of conducting a straight leg raise test to resolve this issue. The lack of discomfort until 60 or 65 degrees is, whether determined positive or negative, an indication that Plaintiff's leg could be raised approximately two-thirds of the way to the 90 degree "straight up" position without pain and does not undermine the conclusion that Plaintiff can perform the demands of mere sedentary work.

Plaintiff next faults Dr. Burney for merely looking at X-rays when there were MRI records available. A 2004 report showed evidence of the prior surgery several years earlier and "extrusion of the disc at L5-S1 which compresses the thecal sac." Tr. 103. Plaintiff urges that the X-ray would not have revealed such problems with soft tissue. Perhaps Dr. Burney's report would have been more persuasive or more complete had he also reviewed the MRI report, but the court does not find that Dr. Burney's report is significantly lessened in import by that omission. The MRI suggests a source of back pain, and back pain was found to exist to a significant degree (so that all but sedentary work was precluded), but the MRI report does not contain such an obvious defect as to render Dr. Burney's report of less weight.

Finally, Plaintiff faults Dr. Burney's report for not explaining why there is no restriction on his ability to sit. Plaintiff told the ALJ at the hearing that he had a severely limited ability to sit, but Plaintiff told Dr. Burney that his pain was worse on walking and

standing. Plaintiff told Dr. Burney that he could not sit for greater than 15 minutes without having to adjust, but there is nothing in the report stating that Plaintiff claimed a general inability to sit consistent with the performance of sedentary work. The lack of such a claim would partially explain Dr. Burney's lack of specific discussion of that issue. Furthermore, Plaintiff told Dr. Burney that Ibuprofen took the edge off his pain and that he spent most of his day "sitting around the house and leading a sedentary life." Under these circumstances, Dr. Burney's conclusion that Plaintiff had no restrictions on sitting, without further discussion, was adequately supported so that his report could, in turn, lend substantial evidence to the ALJ's decision. Accordingly, a judgment affirming the Commissioner's decision will be entered.

      THUS DONE AND SIGNED at Shreveport, Louisiana, this 11th day of February, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE